

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Parakram Singh
Assistant United States Attorney
Parakram.Singh@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

June 24, 2024

Anthony Schwartz
Attorney at Law
PO Box 8488
Portland, OR 97207

      Re:   *United States v. Jelen Jones*
             Case No. 3:22-cr-00236-SI
             Plea Agreement Letter

Dear Counsel:

1.      **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.      **Charges**: Defendant agrees to plead guilty to: Count 2 of the Information, Possession of a Firearm in Furtherance of a Crime of Violence, in violation of Title 18, United States Code, Section 924(c)(l)(A)(i).

3.      **Penalties**: The maximum sentence on Count 2 is life imprisonment, with a mandatory minimum sentence of five years' imprisonment, consecutive to any other sentence, a fine of $250,000, 5 years' supervised release, and an additional $100 fee assessment. Defendant agrees to pay the fee assessments by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4.      **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Revised May 2018

Anthony Schwartz
Re: Jelen Jones Plea Agreement Letter
Page 2
June 24, 2024

5.  **Elements and Factual Basis**: In order for defendant to be found guilty of Count 2 of the Information, the government must prove the following elements beyond a reasonable doubt:

First, defendant committed the crime of Interference with Commerce by Threats or Violence (Hobbs Act Robbery), as charged in Count 1 of the Information, which is a crime of violence.

Second, defendant knowingly possessed a firearm, a handgun; and

Third, the defendant possessed the firearm in furtherance of the crime of Interference with Commerce by Threats or Violence.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty pleas. The following facts are true and undisputed:

On or about October 31, 2020, defendant, Jelen Jones, while being aided by several identified co-conspirators, committed a robbery for monetary gain.

The robbery crew, including Jones, drove to Salem to meet up with other co-conspirators. defendant learned the identity of the target of the robbery, AV 1, after a co-conspirator showed him identifying information on snapchat. The robbery crew also received a description of the vehicle, a grey or black Jeep, that AV 1 would be driving. Defendant and the robbery crew received instructions on how to carry out this robbery. They learned that AV 1 had agreed to a meeting with co-conspirators to sell them a kilo of cocaine; and that the meeting was to occur in the parking lot of a department store in Salem, Oregon. Instead of meeting AV 1 and purchasing the drugs, as was agreed, the co-conspirators recruited defendant and the other co-conspirators to rob him.
Defendant and the rest of the robbery crew were all armed with firearms, specifically handguns. Defendant possessed the firearm to further the robbery he was about to commit against AV 1. Defendant was seated in the back seat of the car as they drove to the location. When they saw AV 1 at the designated location, the parking lot of a department store, a co-conspirator blocked in AV 1's car in using his own car, while others from the robbery crew exited the vehicle they were in and surrounded AV 1's car. Defendant aided them by taking control of the vehicle while the others robbed AV 1. One kilogram of cocaine was taken from AV 1, which they took back to the Salem based co-conspirator's residence. The Salem co-conspirator paid the group $5,000 and 2 lbs. of marijuana to share as proceeds in exchange for the robbery and the stolen cocaine.

Anthony Schwartz
Re: Jelen Jones Plea Agreement Letter
Page 3
June 24, 2024

6.     **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.     **Advisory Guideline Calculation**: The government anticipates that defendant has at least 4 criminal history points, and possibly more, producing a criminal history category of at least III.[1] The parties stipulate and agree that USSG § 2K2.4 is the applicable guideline for Count 2, Use/Carry a Firearm During and In Relation To a Crime of Violence. USSG § 2K2.4(b) provides " . . . if the defendant, whether or not convicted of another crime, was convicted of violating section 924(c) or section 929(A) of Title 18, United States Code, the guideline sentence is the minimum term of imprisonment required by statute."
     Here, the minimum term of imprisonment required by statute is five (5) years' imprisonment (60 months), consecutive to any other term of imprisonment imposed on defendant. 18 U.S.C. § 924(c)(1)(A)(ii). Accordingly, the guideline sentence of imprisonment on Count 2 is 60 months imprisonment. 18 U.S.C. § 924(c)(1)(A)(i) and USSG § 2K2.4(b).

8.     **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1. The parties agree that this provision does not apply below the minimum term of imprisonment required by statute, is five (5) years' imprisonment (60 months), consecutive to any other term of imprisonment imposed on defendant. 18 U.S.C. § 924(c)(1)(A)(ii).

9.     **Joint Sentencing Recommendation**: On Count 2, the parties jointly recommend, as a reasonable sentence under the factors listed in 18 U.S.C. § 3553(a), an upward variance for an above guidelines sentence, of 71 months' imprisonment (eleven months more than the mandatory minimum), five years of supervised release, and a $100 fee assessment. Defendant agrees to join the government to make this joint sentence recommendation to avoid a conviction to a Hobbs Act Robbery charge (Count 1) and thereby be subjected to a mandatory consecutive sentence under 18 U.S.C. § 924(c)(1)(A)(ii).

---

[1] The criminal history is set forth as merely an estimate and the parties understand that the final criminal history calculation will be determined by the Court following the receipt of a PSR and this initial estimate is not binding upon the parties.

Anthony Schwartz
Re: Jelen Jones Plea Agreement Letter
Page 4
June 24, 2024

10. **Abandonment of Firearm(s)/Property**: By signing this agreement, defendant hereby voluntarily abandons all right, title, and interest to any firearms seized in this case.

11. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that [any of] defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

Revised May 2018

Anthony Schwartz
Re: Jelen Jones Plea Agreement Letter
Page 5
June 24, 2024

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

17. **Deadline**: This plea offer expires if not accepted by July 14, 2024, at 12:00 p.m.

Sincerely,

NATALIE K. WIGHT
United States Attorney

*/s/ Parakram Singh*
PARAKRAM SINGH
Assistant United States Attorneys

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

8-1-24
Date

Jelen Jones
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

8-1-24
Date

Anthony Schwartz
Attorney for Jelen Jones

Revised May 2018